INTERSTATE COMMERCE COMMISSION v. CINCINNATI, N. O. & T. P. R. CO. et al.

(Circuit Court, S. D. Ohio. W. D. November 30, 1894.)

No. 4,748.

1. INTERSTATE COMMERCE COMMISSION—QUASI JUDICIAL POWERS.

The interstate commerce commission is not a court, but an administrative body, lawfully created, and lawfully exercising powers which are quasi judicial, as are the powers exercised by the commissioner of patents, and, in many respects, by the heads of the various departments of the executive branch of the government. Its rulings and decisions are entitled to the highest respect of the federal courts, and they are justly so regarded. Commission v. Brimson, 14 Sup. Ct. 1125, 154 U. S. 447, 474, 489.

2. SAME—INJUNCTION.

A preliminary injunction to compel a carrier to obey an order of the interstate commerce commission in reference to freight rates should be denied where the answer denies that the rates defendant charges, and which were passed on by the commission, were unreasonable or unjust. Shinkle, Wilson & Kreis Co. v. Louisville & N. R. Co., 62 Fed. 690, followed.

3. SAME—PAYMENT OF EXCESS INTO THE REGISTRY OF THE COURT.

Upon motion for a preliminary injunction to restrain certain carriers from violating an order of the interstate commerce commission, the complainant made the alternative suggestion that, if the defendants be allowed to charge and receive present rates, they be required to keep an account with every shipper, and to pay into the registry of the court the excess, same to be disposed of after the hearing as the court may order. *Held*, that this was in fact an application for a rule nisi, which ought not to be granted unless there was a very strong showing of right in favor of the complainant, which would authorize the granting of a preliminary injunction, and, on the other hand, sufficient showing of probable injury to the defendant to authorize an alternative order, as, for illustration, to give bond and keep and file an account.

**4. SAME—TRANSCRIPT OF EVIDENCE.**
   Evidence taken before the interstate commerce commission is not a part of the record, and it is not necessary, in proceedings to enforce compliance with an order of the commission, to file in the circuit court, with the petition, a transcript of the evidence. Either party, however, may introduce and use as evidence any testimony taken before the commission which is competent and relevant to the matters embraced in the petition.

Motion for a preliminary restraining order in proceedings to enforce compliance with an order of the interstate commerce commission.

Harlan Cleveland, U. S. Atty., George F. Edmunds, and L. A. Shaver, for complainant.

Ed. Baxter, Geo. P. Harrison, East & Fogg, J. D. B. De Bow, Harmon, Colston, Goldsmith & Hoadly, Dorsey, Brewster & Howell, Lawton & Cunningham, Leigh R. Watts, and W. A. Henderson, for defendants.

SAGE, District Judge (orally). The motion for a preliminary restraining order, to continue in force until the hearing and decree in this case, must be overruled for the following reasons:

1. A like motion, made upon the filing of the petition in the case of Shinkle, Wilson & Kreis Co. v. Louisville & N. R. Co., 62 Fed. 690, on the same order of the commission as is here involved, was overruled by Judge Lurton, of the circuit court, after full argument.

2. Independently of the fact that Judge Lurton has passed upon the question involved, this is not a case for a preliminary injunction. The question to be considered and decided is whether the defendant railroad companies are trespassing upon the rights of their shippers by charging freights in excess of the order of the interstate commerce commission. That question has not yet been judicially determined. It has been held that the interstate commerce commission is not a court. It is an administrative body (see Commission v. Brimson, 154 U. S. 447, 474, 489, 14 Sup. Ct. 1125), lawfully created, and lawfully exercising powers which are quasi judicial, as are the powers exercised by the commissioner of patents, and, in many respects, by the heads of the various departments of the executive branch of the government. Its rulings and decisions are entitled to the highest respect of the federal courts, and they are justly so regarded. Nevertheless, the questions involved in the petition and answers in this cause are now for the first time presented for judicial determination. A court of equity will not ordinarily grant an injunction to prevent a trespass, before it has been found to be a trespass by a court, or a court and jury. Even in patent causes, for infringement, preliminary injunctions are not granted unless the exclusive right of the patentee has been determined by the adjudication of a court of competent jurisdiction, or has been so long and generally acquiesced in by the public as to remove, practically, any serious doubt upon the subject. They are issued to prevent injury to a clear right. To grant the motion in this case would be like allowing execution before judgment. The question of right, upon

which it depends, is the very question which is to be heard and decided in the further progress of this case.

3. It is a well-settled principle with reference to the granting of preliminary injunctions that the comparative inconvenience and injury to parties must be looked at, and that they will not be granted where the injury to the defendant is likely to be greater than the benefit to the complainant. In this case, if the defendants are restrained from charging or collecting freight in excess of the rates fixed by the commission, they will be practically without remedy, if at last the order of the commission should be held to be unlawful. On the other hand, if the shippers continue to pay the rates hitherto paid the excess will be distributed among them, and the injury to each will be comparatively slight. Moreover, if these companies be compelled, pending this litigation, to lower their rates from 20 to 25 per cent. (which, it is stated, would result from the issuing of a preliminary injunction), the understanding being that if the order of the commission should be set aside the former rates will be re-established, the result would be to stimulate excessive and speculative shipments, which are always productive of injury to legitimate business.

4. The section of the act to regulate commerce, under which this petition is filed, directs that there shall be a speedy hearing and determination of the matter. It will be the duty of this court to enforce that direction. The cause will be brought to a speedy hearing. There will be no considerable delay. Within 60 days the hearing will be had, and no great hardship will result from leaving matters as they are in the meantime. The alternative suggestion, that if the defendants be allowed to charge and receive present rates they be required to keep an account with every shipper, and to pay into the registry of this court the excess, the same to be disposed of after the hearing as the court may order, does not commend itself to the approval of the court. This is, in effect, an application for a rule nisi, which ought not to be granted unless there is a very strong showing of right in favor of the complainant, which would authorize the granting of a preliminary injunction, and, on the other hand, sufficient showing of probable injury to the defendants to authorize an alternative order, as, for illustration, to give bond and keep and file an account.

The question has also been submitted to the court whether the transcript of the evidence taken before the commission is a part of the record, and therefore to be filed and used in this court, as a matter of right, by the commission or by the defendants. Section 12 of the act (24 Stat. 379) empowers the interstate commerce commission to require the attendance and testimony of witnesses, and authorizes the taking of depositions. Section 14 makes it the duty of the commission, whenever an investigation shall be made by it, to make a report in writing in respect thereto, which shall include the findings of fact upon which the conclusions of the commission are based, and such findings shall thereafter, in all judicial proceedings, be deemed prima facie evidence as to each and every fact found. The commission is authorized to provide for the publication of its re-

ports and decisions, and such publications are made competent evi-. dence of such reports and decisions in all federal and state courts,. without further proof or authentication. It is provided in section 17 that every vote and official act of the commission shall be entered of record; and in section 16, which provides for petition to United States courts in cases of disobedience of orders of the commission, it is further provided that on the hearing the findings of fact in the report of the commission shall be prima facie evidence of the matters therein stated. It is also provided that the court shall have power, if it think fit, to direct and prosecute, in such mode and by such persons as it may appoint, all such inquiries as it may think needful to enable it to form a just judgment in the matter of the petition. Now, it is argued that as every vote and official act of the commission is to be entered of record, and as the requirements of the attendance and testimony of witnesses, and orders for the taking of testimony by deposition, are official acts, the testimony and deposition become part of the record of the commission. It would be a strained construction which should so extend the provision referred to as to compel the commission to have a copy of every deposition, and a full report of the testimony of every witness, entered upon its records. It was evidently the intent of congress to provide that there should be a record, not only of every vote, but of every order and direction, made by the commission. Therefore, an order requiring the attendance and testimony of witnesses, or the production of books, papers, and documents, or the taking of testimony by deposition should be entered of record. But that is quite different from entering of record the testimony or the depositions taken under the order. It might, with equal force, be argued that a copy of every document, paper, or book produced under the order of the commission should be spread upon the records of the commission. That would be burdening the commission with an enormous expense, which could not have been intended by congress, and which would be altogether unnecessary and useless. My opinion is that it is not necessary to file with the petition the transcript of the evidence. The findings of fact in the report of the commission are made prima facie evidence of the matters therein stated. Those findings, therefore, are sufficient to make out a prima facie case, so far as the companies are concerned, in favor of the commission. I have no doubt, however, that either party may introduce and use as evidence any testimony taken before the commission, and which is competent and relevant to the matters embraced in the petition. But the commission ought not to be put to the trouble or expense of filing with every petition a transcript of the evidence. On the other hand, the evidence, having been taken under lawful authority by the commission,—the defendants having been present or represented, with full opportunity for cross-examination,—may be introduced by either party and used upon the hearing of the petition. The court may reject any portion which is irrelevant or incompetent. If any evidence has been taken ex parte in the proceedings before the commission, the court may require that there shall be full opportunity for cross-examination before it will be received or considered. The

court is to sit as a court of equity, without the formal proceedings applicable to ordinary suits in equity, but in such manner as to do justice in the premises. It is so provided in section 16 of the act. The intention of congress evidently was to vest in the court a large discretion. By analogy to the proceedings in equity upon appeal, the testimony used before the commission can properly be brought to the consideration of the court upon the hearing of the petition. Apart from the view above expressed, the court could, in pursuance of the authority conferred upon it by section 16 of the act, direct that the testimony be produced, and could examine it by way of looking into the grounds upon which the findings of fact were made by the commission. Those findings are not conclusive, but only prima facie, evidence of the facts; that is to say, rebuttable. That the testimony does not necessarily belong to the proceedings under the petition is further manifest from the consideration that the entire contest, in many cases, may turn upon the question whether the order of the commission was authorized by the findings of fact, which findings might not be at all in dispute. The order in this case will be that the transcript of testimony taken before the commission, and which has been placed upon the files, shall there remain, and, subject to objections for irrelevancy and incompetency, may be used at the hearing. The answers in this case are such as to warrant the taking of testimony by the defendants, and, if necessary, taking of further testimony on behalf of the commission. Until the 1st of January, 1895, will be allowed for that purpose. The hearing will be set for Monday, the 14th of January, 1895. The engagements of the court are such as to prevent an earlier date.