WESTERN UNION TELEGRAPH CO. v. McDAVID. (No. 8949.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 21, 1918. On Motion for Rehearing, Jan. 10, 1920.)

1. COURTS ⬦89 — DECISIONS OF INTERSTATE COMMERCE COMMISSION NOT AUTHORITATIVE.

Since the Interstate Commerce Commission is but an administrative body, its opinions interpreting interstate commerce acts, although entitled to great respect from state courts, are not authoritative.

2. COMMERCE ⬦28—COMMON CARRIERS SUBJECT TO INTERSTATE COMMERCE ACT AS CONSTRUED BY FEDERAL COURTS.

Act Cong. June 18, 1910, fixed the status of interstate telegraph companies as that of common carriers, and they are not only subject to requirements of Interstate Commerce Acts, but are entitled to have their liabilities determined by the law as administered by the United States courts.

On Motion for Rehearing.

3. TELEGRAPHS AND TELEPHONES ⬦54(1) — INTERSTATE TELEGRAPH COMPANY MAY LIMIT LIABILITY FOR NEGLIGENCE IN TRANSMISSION OF UNREPEATED MESSAGE.

An interstate telegraph company may limit its liability in damages for negligence of its servants in transmitting unrepeated interstate messages involving different rates.

4. TELEGRAPHS AND TELEPHONES ⬦54(6) — CONTRACT LIMITING LIABILITY FOR MISTAKE OR NEGLIGENCE CONSTRUED.

Under provisions on the back of a telegram to the effect that the company should not be liable beyond the cost of transmission for mistakes or delays in transmission, unless the message was repeated, and that the company should not be liable for damages for mistakes in transmission, whether caused by negligence of its servants or otherwise, beyond the sum of $50, the company was liable to the extent of $50, where a mistake in an unrepeated message was caused by the negligence of the company.

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by Alan McDavid against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed, reformed, and rendered.

J. M. Wagstaff, of Abilene, and Thompson, Barwise, Wharton & Hiner, of Ft. Worth, for appellant.

Dallas Scarborough, of Abilene, for appellee.

CONNER, C. J. Appellee recovered a judgment in the sum of $250 on the ground of negligence on appellant's part in the failure to correctly transmit a telegram from Abilene, in the state of Texas, to New Orleans, in the state of Louisiana. The court specifically found that appellant's transmitting agent at Abilene was guilty of negligence as charged, and it is not questioned that as a proximate result thereof appellee was damaged in the amount of the judgment.

The telegram was written upon one of appellant's blank forms on the back of which, among other provisions, was one to the effect that the appellant company should not be liable beyond the cost of transmission for damages for mistakes or delays in transmission unless, in order to avoid delays or mistakes, the message was repeated, and it was alleged and shown that the message in question was unrepeated. Appellant pleaded another provision of the contract to the effect that the company should not be liable for damages for mistakes in transmission "whether caused by the negligence of its servants or otherwise beyond the sum of $50.00."

[1] Appellant's sole contention on this appeal from the judgment mentioned is to the effect that, inasmuch as it is undisputed that the message was an interstate message, and inasmuch as it was also undisputed that the message was unrepeated, the judgment, by force of the provisions of the contract noted, should have been for 75 cents, the cost of the message, or at least in no event in excess of $50. It is insisted that the Congress of the United States, by the act of June 18, 1910, c. 309, 36 Stat. 539, assumed charge of regulating the field of interstate communication by telegraph, and thereby removed from the field of state regulation any power of the state to interfere therewith, and, in addition to other cases, particular emphasis is laid upon a late decision by the Interstate Commerce Commission. The decision referred to, viz., Cultra et al. v. Western Union Telegraph Co., decided May 17, 1917, and reported in 44 Interst. Com. Com'n R. 670, seems

to be very closely in point and to sustain appellant's contention. While the opinions of the commission interpreting the Interstate Commerce Acts are entitled to great respect from the state courts called on to construe the act (Greenwald v. Weir, 130 App. Div. 696, 115 N. Y. Supp. 311), yet their decision on the question involved in this appeal cannot be said to be authoritative. See Interstate Commerce Commission v. C., N. O. & T. P. Ry. Co. (C. C.) 64 Fed. 981, where it is stated, among other things that—

"The commission is not a court but an administrative body, exercising powers which are quasi judicial, and its decisions are entitled to the highest respect of federal courts."

We think, therefore, that we must be guided by our own decisions hereinafter cited, they, as we interpret them, not being in conflict on the point here involved with the decisions of the Supreme Court of the United States.

[2] The · act of Congress of the United States June 18, 1910, undoubtedly fixed the status of appellant as that of common carrier, from which it must be conceded that appellant was not only subject to the requirements of the Interstate Commerce Acts, but is also entitled to have its liabilities determined by the law as administered by the United States Courts. But in the case before us, as already noted, it is unquestioned that appellant was guilty of negligence, and, while doubtless decisions of contrary import can be found, we think the clear weight of authority, both by the decisions of the Supreme Court of the United States, as well as of our own and sister states, generally uphold the common-law doctrine that a common carrier will not be permitted to relieve himself from the consequences of negligence on his part, or on the part of his servants or employés. York Mfg. Co. v. Ill. Cent. Ry. Co., 3 Wall. 107, 18 L. Ed. 170; N. Y. C. R. Co. v. Lockwood, 17 Wall. 357, 21 L. Ed. 627; Bank of Kentucky v. Adams Express Co., 93 U. S. 174, 23 L. Ed. 872; Hart v. Pa. Ry. Co., 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717; Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Western Union Tel. Co. v. Bailey, 108 Tex. 427, 196 S. W. 516; Western Union Tel. Co. v. Schoonmaker, 181 S. W. 263, writ of error refused.

As it seems to us, the two cases last cited are controlling and especially in point here. In Western Union v. Bailey, supra, which was decided by our own Supreme Court, it was specifically held, among other things, that a stipulation of the telegraph company limiting its liability for damages for nondelivery of a message, whether caused by the negligence of its servants or otherwise, to $50, was void and not enforceable in this state, notwithstanding the existence of the interstate commerce laws. And in the case of Western Union Tel. Co. v. Schoonmaker, above, which was by the El Paso Court of Civil Appeals, it was held, among other things, in an opinion by Mr. Justice Walthall, that a provision of the contract for the transmission of an interstate telegram that the company should not be liable beyond the amount received for sending the message would not protect the company from the full consequences of negligence.

Regardless, therefore, of other considerations that might be suggested, we think it must be here held, on the authority of the cases last mentioned, that the judgment in this case should be affirmed.

## On Motion for Rehearing.

[3] Appellant's motion for a rehearing in in this case has been held under advisement for some time, awaiting the conclusion of the Supreme Court of the United States in a case pending in that court in which the questions submitted were the same as involved in the case before us. The case referred to is that of Postal Telegraph-Cable Company, plaintiff in error, against Warren-Godwin Lumber Company defendant in error. In the opinion delivered by the Supreme Court of the United States in that case, not yet published, but a copy of which has been furnished us, it is distinctly held that a contract for the transmission of a telegraph message between states, based upon differing rates, may be lawfully made to limit the recovery on the part of the sender of an unrepeated message even though a mistake in the transmission may be caused by the negligence of the telegraph company. The court refers with approval to the case of Primrose v. Western Union Telegraph Co., 154 U. S. 1, 14 Sup. Ct. 1098, 38 L. Ed. 883, expressly upholding such contracts. In the latter case, the doctrine that a common carrier may not wholly exempt itself from liability for the consequences of its own negligence is recognized. But contracts of the kind under consideration were construed, not as wholly exempting the carrier from liability, but as contracts which merely restrict the sum recoverable. The court there said:

"By the settled law of this court, common carriers of goods or passengers cannot, by any contract with their customers, wholly exempt themselves from liability for damage caused by the negligence of themselves or their servants. New York Cent. R. Co. v. Lockwood, [84 U. S.] 17 Wall. 357 [21 L. Ed. 627]; Liverpool & G. W. Steam Co. v. Phenix Ins. Co. ['The Montana'] 129 U. S. 397, 442 [9 Sup. Ct. 469, 32 L. Ed. 788, 792], and cases cited.

"But even a common carrier of goods may, by special contract with the owner, restrict the sum for which he may be liable, even in case of a loss by the carrier's negligence; and this upon the distinct ground, as stated by Mr. Justice Blatchford, speaking for the whole

court, that 'where a contract of the kind, signed by the shipper, is fairly made, agreeing on the valuation of the property carried, with the rate of freight based on the condition that the carrier assumes liability only to the extent of the agreed valuation, even in case of loss or damage by the negligence of the carrier, the contract will be upheld as a proper and lawful mode of securing a due proportion between the amount for which the carrier may be responsible and the freight he receives, and of protecting himself against extravagant and fanciful valuation.' Hart v. Pennsylvania R. Co., 112 U. S. 331, 343, 5 Sup. Ct. 151 (28 L. Ed. 717, 721)."

While the Primrose Case was decided prior to the Act of June 18, 1910, classing telegraph companies common carriers, the theory upon which the case was determined was applied in the Postal Telegraph-Cable Company Case on the ground that the act of Congress removed that question involved from the operation of state regulations, and hence that the decisions of the federal courts must be followed. The recent case refers to state decisions similar to those followed by us on original hearing holding that contracts concerning the transmission of interstate messages are not affected by the act of Congress, and consequently subject to state regulations, but say that the effect given to the decisions (citing some of them) upon which this view is supported was a mistaken one.

We therefore conclude that we must reverse our former ruling and upon the facts stated in our original opinion grant the motion for rehearing, reverse the judgment, and here render it as hereinafter indicated. For it must be accepted, we think, without citation of authority, that the decision of the Supreme Court of the United States is controlling, and that it is our duty to follow it notwithstanding the contrary holding of our own state courts.

[4] In rendering judgment, we will observe that, as will be seen by reference to our original opinion, the contract for the transmission of the message under consideration contained two provisions relating to the plaintiff's right of recovery. The first is that the company shall not be liable beyond the cost of the transmission of the telegram unless the message was repeated. The second is that the company shall not be liable beyond the sum of $50 for mistakes in transmission, "whether caused by the negligence of its servants or otherwise." We are of the opinion that in rendering judgment we should apply the second limiting ground, inasmuch as it evidently contemplates a case such as we have before us. In the absence of a showing that the mistake in transmission was caused by the negligence of the company, we should perhaps limit the plaintiff's recovery, where his message, as here, was unrepeated, to the cost of transmission. But here we have an express finding that the mistake shown was caused by the negligence of the company, and we therefore think that by the terms of the contract appellant is liable in the sum of $50.

It is accordingly ordered that the judgment below be here reversed, reformed, and here rendered in appellee's favor for the sum of $50, together with all costs of the trial court; the cost of appeal to be taxed against appellee.