### H. A. Jacobs v. R. A. Pleasants, Chief Justice, et al.

No. 3954. Decided December 20, 1924.

(267 S. W., 251).

1.—Certified Question—Conflict in Decisions.

The rule announced in Garrity v. Rainey, 112 Texas, 369, as to what character of conflict in rulings will require the question to be certified to the Supreme Court, is approved.

**2.—Same—Similarity of Facts.**

On the question of liability of a telegraph company for negligence in transmitting a message, it is not necessary, in order to establish conflict in rulings, that the acts of negligence in the two cases be identical.

**3.—Same—Telegraph—Unrepeated Message—Negligence—Contract Limiting Liability.**

The ruling in this case on appeal, that, on an unrepeated telegram, the contract limiting the liability of a telegraph company for negligent mistake in transmitting an interstate message to the amount received for sending same was valid (Western U. Tel. Co. v. Jacobs, 245 S. W., 942) is so in conflict with decision in Western U. Tel. Co. v. McDavid, 219 S. W., 853 as to support a writ of mandamus requiring the question involved to be certified to the Supreme Court.

Original application by Jacobs to the Supreme Court for writ of mandamus against the justices of the Court of Civil Appeals for the First District to certify a question determined by them in the case of Western U. Tel. Co. v. Jacobs, 245 S. W., 942, by reason of its conflict with the decision of the Court of Civil Appeals for the Second District, in Western U. Tel. Co. v. McDavid, 219 S. W., 853.

The Supreme Court referred the petition to the Commission of Appeals, Section B, for their advice thereon, and here award the writ of mandamus as thereby recommended.

*Pat. N. Fahey,* for petitioner, cited: Western U. Tel. Co. v. McDavid, 219 S. W., 853; Western U. Tel. Co. v. Czizek, Supreme Court Reporter, advance Sheets for April 1, 1924.

*Albert Stone,* for Western U. Tel. Co., respondent.

The rulings to be conflicting, must be on the same state of facts. Garritty v. Rainey, 112 Texas, 369.

The mere fact that the wording of the message in a telegram was changed in transmission is not of itself evidence of such negligence as to entitle plaintiff to recover a larger amount than the sum paid for the message. Womack v. Western Union Tel. Co, 58 Texas, 176; Western Union Tel. Co. v. Hearne, 77 Texas, page 83. Western Union Tel. Co. v. Ferguson Bros. 209 S. W., 446; Western Union Tel. Co. v. Anderson, 245 S. W, 731.

MR. JUDGE HAMILTON delivered the opinion of the Commission of Appeals, Section B.

Petitioner seeks for and prays our Supreme Court to issue a writ of mandamus compelling Chief Justice R. A. Pleasants and the other members of the Court of Civil Appeals for the First Supreme Judicial District of Texas to certify to our Supreme Court a question on the ground that the holding on that question by respondents in

this case is different from the previous holding on the same question by the Court of Civil Appeals at Fort Worth in the case of Western Union Telegraph Co. v. McDavid, 219 S. W., 853.

The case in which the question arose, Western Union Telegraph Co. v. Jacobs, 245 S. W., 942, was originally filed in, and was within the jurisdiction of, the justice court. Therefore, the jurisdiction of the Court of Civil Appeals was final and the case could not have been brought to the Supreme Court on application for writ of error.

The suit was brought by Jacobs against the telegraph company to recover damages in the sum of $144.00 for alleged negligent failure to transmit correctly a telegraphic message delivered by Jacobs to the agent of the company for transmission over its lines from Navasota, Texas, to the brokerage firm of Atkinson & Company at New Orleans, Louisiana. The message delivered to the agent was "Buy one Jan" (Signed Jacobs). As transmitted and delivered to Atkinson & Company, the telegram read: "Sell one Jan". The change in the telegram cost Jacobs an actual loss of $144.00. The trial court rendered judgment in favor of Jacobs for $50.00.

The message was written on one of the regular sending blanks of the telegraph company. On the face of the blank there was the following in print: "Send the following telegram subject to the terms on the back hereof". The "terms on the back" of the message read:

"1. The company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery of any unrepeated telegram beyond the amount received for sending the same; nor for mistakes or delays in the transmission or delivery or for non-delivery of any repeated telegram, beyond fifty times the sum received for sending the same, unless specially valued; nor in any case for delays arising from unavoidable interruption in the working of its lines, nor for errors in cipher or obscure telegrams.

"2. In any event the company shall not be liable for damages for any mistakes or delays in the transmission or delivery, or for non-delivery of this telegram, whether caused by the negligence of its servants or otherwise, beyond the sum of fifty dollars, at which amount this telegram is hereby valued, unless a greater value is stated in writing hereon at the time the telegram is offered to the company for transmission, and an additional sum paid or agreed to be paid based on such value equal to one-tenth of one per cent thereof."

The message was an unrepeated one. The Court of Civil Appeals held that the telegraph company could not "be held liable to appellee in any amount exceeding the charge made for the transmission of the telegram, and, as this charge was not paid by appellee, he was

not entitled to a judgment in any amount." After motions for rehearing had been overruled counsel for Jacobs filed a motion requesting the court to certify to the Supreme Court the following question:

"Whether or not in case of negligence herein of the appellant Western Union Telegraph Company, its servants agents or employes, the first clause of the contract or rate in evidence herein, reading as follows, '1. The company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery of any un-repeated telegram beyond the amount received for sending the same, etc.' or the second clause thereof reading as follows, '2. In any event the company shall not be liable for damages for any mistakes or delays in the transmission or delivery, or for the non-delivery of this telegram, whether caused by the negligence of its servants or otherwise, beyond the sum of fifty dollars, at which amount this telegram is hereby valued, etc.' will be applied in arriving at the liability of appellant in this cause."

The court overruled the motion and refused to certify. Relator then requested the court to announce and file its conclusions on the following question:

"1. Whether or not as a matter of law appellant, its agents, servants or employes were negligent in substitution of the word 'sell' for 'buy' in the telegram forming the basis of appellee's cause of action.

"2. Whether or not such substitution was a 'mistake' in law that would under its contract for transmission and delivery of said telegram relieve appellant from liability to appellee."

In response the court said:

"We think each of these questions admit of but one answer. Reasonable minds can not differ in the conclusion that the substitution of the word 'sell' for 'buy' in the telegram sent for appellee by appellant was a negligent act on the part of the appellant's employee, charged with the transmission of the telegram."

Relator then filed his petition for mandamus in the Supreme Court.

Article 1623, Revised Civil Statutes, as amended by the 38th Legislature, Regular Session, 1923, page 94, Chapter 48, reads:

"Wherever, in any cause at any time pending in any of the courts of civil appeals of the several supreme judicial districts of the State of Texas, any one of said courts may arrive at an opinion in the decision of any such cause that may be in conflict with the opinion theretofore rendered by the supreme court of Texas or some other court of civil appeals in this State on any question of law, and such court of civil appeals refuses to concur with the opinion

so rendered by the supreme court or such other court of civil appeals, it shall be the duty of such court failing to concur with the opinion in conflict with the opinion so arrived at by such court, through its clerk, to transmit the question of law, duly certified to, involved in the cause wherein said conflict of opinion has arisen, together with the record or transcript in such cause, to the supreme court of the State of Texas for adjudication by the supreme court.''

The conflict in decisions of Courts of Civil Appeals which will authorize our Supreme Court to issue a writ of mandamus and require certification of a question is clearly and succinctly described and defined in Garitty v. Rainey, 112 Tex., 369, 374, 247 S. W., 825, 827, wherein the court, through Chief Justice Cureton, said the conflict ''must be upon a question of law involved and determined, and such that one decision would overrule the other if both were rendered by the same court. The conflict must be well defined. An apparent inconsistency in the principles announced, or in the application of recognized principles, is not sufficient. The rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other. In other words, the rulings alleged to be in conflict must be upon the same question, and unless this is so there can be no conflict.''

Is there such a conflict between the case at bar and the McDavid case? The negligence in the case at bar consisted in changing the word ''buy'' to ''sell'', and in transmitting the message thus changed. The facts in the McDavid case do not show just wherein or how the negligence occurred. The facts merely show that in the lower court ''appellee recovered a judgment * * * * * * * * on the ground of negligence on appellant's part in the failure to correctly transmit a telegram from Abilene * * * * * * * * * to New Orleans'' * * * * * * * * *. ''Appellant's transmitting agent at Abilene was guilty of negligence as charged''. We do not think that the acts of negligence must be identical in order to fall within the rule that ''the rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other'' before such a conflict exists as will warrant the issue of the writ of mandamus to certify.

In each of the cases there is a finding that the act involved and causing the loss was an act of negligence in transmitting an unrepeated telegram. The printed agreements on the telegram in each of the cases were to all intents and purposes the same and the inference that they were identical is reasonable. Both were decided after the Act of Congress, June 18, 1910.

On this state of facts the Court of Civil Appeals in the McDavid case held on motion for rehearing as follows:

"Appellant's motion for rehearing in this case has been held under advisement for some time, awaiting the conclusion of the Supreme Court of the United States in a case pending in that court in which the questions submitted were the same as involved in the case before us. The case referred to is that of Postal Telegraph-Cable Company, plaintiff in error, against Warren-Godwin Lumber Company, defendant in error. In the opinion delivered by the Supreme Court of the United States in that case, not yet published, but a copy of which has been furnished us, it is distinctly held that a contract for the transmission of a telegraph message between states, based upon differing rates, may be lawfully made to limit the recovery on the part of the sender of an unrepeated message even though a mistake in the transmission may be caused by the negligence of the telegraph company. The court refers with approval to the case of Primrose v. Western Union Telegraph Co., 154 U. S. 1, Sup. Ct. 1098, 38 L. Ed. 883, expressly upholding such contracts. In the latter case, the doctrine that a common carrier may not wholly exempt itself from liability for the consequences of its own negligence is recognized. But contracts of the kind under consideration were construed, not as wholly exempting the carrier from liability, but as contracts which merely restrict the sum recoverable."

In rendering judgment, the court in that case said:

"  *   *   *   *   * the contract for the transmission of the message under consideration contained two provisions relating to the plaintiff's right of recovery. The first is that the company shall not be liable beyond the cost of the transmission of the telegram unless the message was repeated. The second is that the company shall not be liable beyond the sum of $50 for mistakes in transmission, 'whether caused by the negligence of its servants or otherwise.' We are of the opinion that in rendering judgment we should apply the second limiting ground, inasmuch as it evidently contemplates a case such as we have before us. In the absence of a showing that the mistake in transmission was caused by the negligence of the company, we should perhaps limit the plaintiff's recovery, where his message, as here, was unrepeated, to the cost of transmission. But here we have an express finding that the mistake shown was caused by the negligence of the company, and we therefore think that by the terms of the contract appellant is liable in the sum of $50.

"It is accordingly ordered that the judgment below be here reversed, reformed, and here rendered in appellee's favor for the sum of $50."

On the same state of facts, the Court of Civil Appeals in the case at bar held that after "the act of 1910, for all messages sent in interstate or foreign commerce, the outstanding consideration

became", by reason of the Act of 1910, "that of uniformity and equality of rates. Uniformity demanded that the rate represent the whole duty and the whole liability of the company. It could not be varied by agreement; still less could it be varied by lack of agreement. The rate became, not, as before, a matter of contract by which a legal liability could be modified, but a matter of law by which a uniform liability was imposed. So here the limitation of liability attached to the unrepeated cable rate is binding upon all who send messages to or from foreign countries * * * * * * * * * * * * * * . This conclusion requires that the judgment of the court below be reversed and judgment here rendered for appellant, and it has been so ordered."

As shown above, the court, in the McDavid case, where certainly the essentials of the printed agreements were the same as those in the Jacobs case, and in all probability all the terms were identical with it, held "the mistake shown was caused by the negligence of the company, and we therefore think that by the terms of the contract appellant is liable in the sum of $50." In the Jacobs case the court found "the substitution of the word 'sell' for 'buy' in the telegram sent for appellee by appellant was a negligent act on the part of the appellant's employee, charged with the transmission of the telegram", and held that the telegraph company could not "be held liable to appellee in any amount exceeding the charge made for the transmission of the telegram". We are not interested in which of these holdings is correct. All we consider is the question whether there is such a conflict in the holdings as requires, under the law, the issuance of the writ of mandamus to certify. We think there is such a conflict in the holdings. The ruling of the court in the case at bar is upon the same state of facts with those in the McDavid case; the same question of law was involved; its decision would have been necessarily conclusive of the decision of the McDavid case had it been in the same court undetermined when the decision in the Jacobs case was made. Both cases being upon the same state of facts and under the same agreement with the telegraph company, each plaintiff was either entitled to recover more than the cost of sending the message or neither plaintiff was entitled to recover more than the cost of sending it. The one court held that he was entitled to recover more than that cost; the other held that he was not entitled to recover more than that cost. The actual loss in each case was more than was allowed as a recovery in either case.

We recommend that the application for writ of mandamus be granted.

The opinion of the Commission of Appeals is adopted and writ of mandamus is awarded.

C. M. Cureton, Chief Justice