WESTERN UNION TELEGRAPH COMPANY, Appellant, v. H. A. JACOBS, Appellee. (No. 8238.) (Court of Civil Appeals of Texas. Galveston. April 2, 1926.) Appeal from Grimes County Court.

PLEASANTS, C. J. At a former term of this court we reversed and rendered the judgment of the trial court. Vide 245 S. W. 942. After a motion for rehearing and a motion to certify had been overruled by this court, the appellee obtained a writ of mandamus from the Supreme Court requiring us to certify the question involved in the appeal, on the ground that our decision was in conflict with the decision of the Court of Civil Appeals for the Second District in the case of Telegraph Co. v. McDavid, 219 S. W. 853. In response to this writ we certified the question. The answer of the Supreme Court (280 S. W. 733) sustains the holding in the case of Telegraph Co. v. McDavid (Tex. Civ. App.) 219 S. W. 853, and requires that our former judgment be set aside, and the judgment of the trial court affirmed. This order has been made.

## 2

Jas. WILSON, Appellant, v. J. M. LYDIA, Appellee. (No. 3184.) (Court of Civil Appeals of Texas. Texarkana. Feb. 25. 1926. Rehearing Denied March 4, 1926.) Appeal from District Court, Smith County; J. R. Warren, Judge. Wm. H. Hanson, of Tyler, for appellant. Bulloch & Ramey, of Tyler, for appellee.

LEVY, J. The appeal is from the decree of the district court refusing to probate a will. The proceeding was in the district court on appeal from the probate court. Samantha Lydia died on January 17, 1923. She left surviving her husband, J. M. Lydia, three brothers, and a sister. She had no children. James Wilson, the appellant, is one of her brothers. On December 5, 1922, Samantha Lydia executed a will devising all her estate, real and personal, to her brother James Wilson, and making him the executor. James Wilson offered the will for probate in the probate court, and J. M. Lydia filed a contest thereto upon the grounds of mental incapacity of the testator, and undue influence on the part of James Wilson. The case was tried in the district court, on appeal, before a jury; they finding, on special issues, that the testator. at the date of the will was not of sound mind, and that she was induced to make the will because of undue influence upon her by James Wilson. The principal question on appeal here is that of whether or not the jury findings are supported by the evidence. We think the evidence insufficient to support a finding of undue influence, but quite sufficient to support a finding of mental incapacity· at the time. In this view the admissibility of the evidence complained of is harmless and would not justify a reversal. Samantha Lydia had been suffering from cancer of the stomach for many months before her death. She was confined to her bed and under constant influence of opiates to relieve the severe pain of the progressive disease. The disease and the constant use of the opiates had weakened and impaired her body and mind, to the extent and degree, as the jury would be authorized to say, of rendering her mentally incapacitated to execute a will. The judgment is affirmed.