KLOCKE et al., Appellants,

v.

A & D LIMITED PARTNERSHIP et al., Appellees.

[Cite as *Klocke v. A & D Ltd. Partnership* (1993), 90 Ohio App.3d 317.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920586.

Decided Sept. 22, 1993.

*Waite, Schneider, Bayless & Chesley, Stanley M. Chesley, Colleen M. Hegge* and *Terrence L. Goodman,* for appellants.

*Droder & Miller Co., L.P.A.,* and *John W. Sellins,* for appellees.

HILDEBRANDT, Judge.

The plaintiffs-appellants appeal from the judgment of the Hamilton County Court of Common Pleas denying their motion for class certification and striking their class-action complaint. In a single assignment of error, appellants maintain that the above actions of the trial court constituted an abuse of discretion and error. We agree.

## I

Before beginning our analysis of the merits of this appeal, we note that the Ohio Supreme Court's recent decision in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, arguably affects the appealability of the trial court's order. In *Polikoff,* the court expressly overruled *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, which had set forth a balancing test to determine whether a particular order was entered in a special proceeding under R.C. 2505.02. The balancing test in *Amato* had been the basis for the court's determination that the decision to *grant* plaintiff class certification was an order entered in a special proceeding and thus appealable. See *Amato, supra,* and *Dayton Women's Health Ctr. v. Enix* (1990), 52 Ohio St.3d 67, 555 N.E.2d 956, certiorari denied (1991), 498 U.S. 1047, 111 S.Ct. 753, 112 L.Ed.2d 773. *Polikoff* replaced the balancing test in *Amato* with a simplified rule that actions which were recognized at common law and not created by statute were not special proceedings. It is arguable how such a rule would affect class actions. See *Dayton, supra,* (Douglas, J., dissenting) (class actions in Ohio were not created by statute and existed at common law as bills of peace).

█ In the case *sub judice,* however, we need not resolve this issue since the order appealed from is one *denying* class certification. In *Roemisch v. Mut. of Omaha Ins. Co.* (1974), 39 Ohio St.2d 119, 68 O.O.2d 80, 314 N.E.2d 386, syllabus, the court held that an order denying plaintiff class-action status was a final appealable order not because of the special nature of the proceeding, but because such an order affected a substantial right of the class and determined the action and prevented a judgment favorable or adverse to the class. The holding in *Polikoff* does not appear to affect the holding of *Roemisch,* and therefore for the purposes of this decision, we hold that, pursuant to *Roemisch,* the trial court's order denying certification was a final appealable order under R.C. 2505.02.

## II

█ In *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 521 N.E.2d 1091, the court held in the first paragraph of the syllabus:

"1. A trial judge must make seven affirmative findings before a case may be certified as a class action. Two prerequisites are implicitly required by Civ.R. 23, while five others are specifically set forth therein."

The court explained that the first implied prerequisite is that an identifiable class must exist before certification is permissible.[1] The second is that the class representatives must be members of the class.

Civ.R. 23 provides, in part:

"(A) Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(B) Class actions maintainable. An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:

"(1) the prosecution of separate actions by or against individual members of the class would create a risk of

"(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

"(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

"(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the

---

1. With respect to this first prerequisite, the court held in the second paragraph of the *Warner* syllabus:

"2. An identifiable class must exist before certification is permissible. The definition of the class must be unambiguous."

claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."

In paragraph eight of the class-action complaint appears the following:

"8. Plaintiff brings this action pursuant to Rules 23(A), 23(B)(1)(b) and 23(B)(3) of the Ohio Rules of Civil Procedure on behalf of a class consisting of all persons who worked and conducted business in the Alms & Doepke Building from July 1, 1985 to the present, including but not limited to persons employed by the County of Hamilton and State of Ohio on the premises and their families as a proximate result of the exposure to irritants and inadequate ventilation in the Alms & Doepke Building located at 222 East Central Parkway, Cincinnati, Ohio."

During the hearing before the trial court on the motion to certify, the appellants presented medical testimony that the symptoms suffered by the class representatives were consistent with symptoms of persons exposed to a "sick building," that is, the sick-building syndrome.

In its opinion supporting the denial of appellants' motion for class certification, the court reasoned as follows:

"Thus, it is evident from the complaint (injuries caused by 'quantities of noxious fumes, bacteria, fungi, dust and other irritants'), from the testimony of Dr. Middaugh, and from a logical consideration of the time over which injuries are alleged to have occurred, that the concentration of offending fumes, etc., would necessarily have differed from time to time; that the presence or absence of one or more of the various fumes, fungi, bacteria, etc. would have varied from time to time; that the weather would have had effect on fungi, bacteria, etc.; that different people would have reacted differently to the fumes, etc., based on their individual constitutions, age and sex, some suffering perhaps greatly and some perhaps not at all; that different reactions, or lack of reaction, could be expected from time to time depending upon the general state of health of the individual at that time; that the strength of reaction, or lack of reaction, would vary from place to place within the building; that some exposures would have been very brief, and others very long; and so on.

"In brief, the variables surrounding the alleged injuries are so great that the commonality, required under Civil Rule 23(A), is lacking. The only common fact is that the injuries occurred in the A & D Building. What substance, or combination of substances, caused injury, or whether any injury was caused, would vary from person to person from time to time, from place to place. The susceptibility of each person would vary according to age, sex, past medical history, individual allergic reactions, time of year, length of exposure, etc. All of these variables are inherent in the extremely broad definition of the class as given in the complaint:

"'All persons who worked and conducted business in the Alms & Doepke Building from July 1, 1985, to the present.'

"The situation here differs from a large single disaster where one explosion or fire or the like causes injury to many people. In such a situation, though the injuries vary, the cause of the injuries is the same in every case. Determination of the cause of the explosion or fire will be applicable to each and every claim."

The record transmitted for our review does not support the trial court's conclusions.[2] Rather, the record supports a finding that the claims of the representative parties are typical of the claims of the class. *Warner, supra,* at paragraph four of the syllabus. Further, we conclude that the affirmative prerequisites of Civ.R. 23 have been satisfied. Under these circumstances, we hold that the trial court's judgment denying appellants' motion for class certification is not reasonable based upon the state of the instant record. See *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–73, 404 N.E.2d 144, 149. The judgment is accordingly reversed, and this cause is remanded to the trial court for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., and GORMAN, J., concur.

---

2. The transcript of the proceedings reflects that the appellants introduced into evidence certain exhibits which were physically received by the trial judge. Those exhibits are not part of the record transmitted to us. Nor are those exhibits in the custody of the Hamilton County court reporter's property clerk.