**DELOITTE & TOUCHE LLP and Ronald Begnaud, Relators,**

v.

**THE FOURTEENTH COURT OF APPEALS, Respondent.**

No. 96–0362.

Supreme Court of Texas.

Argued Oct. 3, 1996.

Decided June 6, 1997.

Rehearing Overruled Oct. 2, 1997.

Gregg C. Laswell, O. Clayton Lilienstern, Elizabeth A. Wiley, Houston, for relators.

Thomas C. Wright, Robin L. Harrison, Houston, for respondent.

ENOCH, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, HECHT, CORNYN, BAKER and ABBOTT, Justices, join.

This original mandamus action involves an interlocutory appeal of a class certification ruling. In the underlying class action lawsuit, the trial court denied class certification. On an interlocutory appeal under section 51.014(3) of the Civil Practice and Remedies Code, the court of appeals ordered a class certified. 905 S.W.2d 642, 655 (Tex.App.—Houston [14th Dist.], writ dism'd w.o.j.). The parties opposing class certification then applied for writ of error in this Court. We dismissed the application for want of jurisdiction because an appeal of an interlocutory class certification order is final in the court of appeals in the absence of a dissent or conflict. *See* TEX. GOV'T CODE § 22.225(b)(3), (c); TEX. CIV. PRAC. & REM.CODE § 51.014(3). The class opponents then sought mandamus relief in this Court.

The issue that confronts us here is whether we should exercise mandamus jurisdiction when the court of appeals' judgment is conclusive on the law and the facts. *See* TEX. GOV'T CODE § 22.225(b)(3). We granted leave to file to consider this question. Having done so, we conclude that we should not exercise our writ power in this case. Accordingly, we deny the petition for writ of mandamus.

In the underlying suit, two named plaintiffs, J.D. Weatherly and Elliott Horwitch, alleged that they suffered losses resulting from their purchase of certain debentures from Entertainment Marketing, Inc. Weatherly and Horwitch asserted various causes of action stemming from alleged misrepresentations by EMI and its accountants, Deloitte & Touche, as well as several individual defendants. Weatherly and Horwitch sought certification of a class of similarly situated plaintiffs. Deloitte & Touche and Ronald Begnaud, who oppose class certification, are

the relators in this mandamus proceeding.[1] We will refer to them collectively as "Deloitte & Touche."

Deloitte & Touche contends that the court of appeals abused its discretion by misapplying Rule 42 of the Texas Rules of Civil Procedure. Deloitte & Touche maintains that this Court always has mandamus jurisdiction to correct the failure of the courts of appeals to properly apply the law. Weatherly and Horwitch, on the other hand, argue that the Legislature has foreclosed our jurisdiction in this case by granting exclusive final authority over interlocutory class certification decisions to the courts of appeals.

## I.

■ Our original jurisdiction for mandamus is not the equivalent of appellate jurisdiction. *Compare* TEX. GOV'T CODE § 22.002 (defining the Supreme Court's original jurisdiction for mandamus) *with* TEX. GOV'T CODE § 22.001 (defining the Supreme Court's appellate jurisdiction). The Texas Constitution permits the Legislature to confer original jurisdiction on the Supreme Court to issue writs of mandamus. TEX. CONST. art. 5, § 3. The Legislature has defined this Court's mandamus jurisdiction as follows:

> The supreme court or a justice of the supreme court may issue writs of procedendo and certiorari and all writs of quo warranto and *mandamus* agreeable to the principles of law regulating those writs, against a statutory county court judge, a statutory probate court judge, a district judge, *a court of appeals* or a justice of a court of appeals, or any officer of state government except the governor, the court of criminal appeals, or a judge of the court of criminal appeals. ·

TEX. GOV'T CODE § 22.002(a) (emphasis added). Thus, our mandamus jurisdiction extends to the courts of appeals.

■ Although the Legislature has excluded class certification rulings from our appellate jurisdiction, it has not excluded class certification rulings from our mandamus jurisdiction. *See* TEX. GOV'T CODE § 22.225(b)(3) ("[A] writ of error is not allowed from the supreme court" for an interlocutory appeal on a class certification ruling.). Further, our mandamus jurisdiction is not dependent on appellate jurisdiction. *See, e.g., National Union Fire Ins. Co. v. Ninth Court of Appeals,* 864 S.W.2d 58, 61–62 (Tex. 1993) (conditionally granting mandamus to compel court of appeals to allow filing of statement of facts); *State ex rel. Pettit v. Thurmond,* 516 S.W.2d 119, 123 (Tex.1974) (conditionally granting mandamus to compel trial court to vacate a criminal sentence though recognizing the supreme court only has civil appellate jurisdiction); *Simpson v. McDonald,* 142 Tex. 444, 179 S.W.2d 239, 243 (1944) (conditionally granting mandamus to require court of appeals to perform its statutory duty to certify questions of law to the supreme court in an appeal in which a justice of the court of appeals dissented from a case tried in the county court). Consequently, this Court maintains mandamus jurisdiction over this cause regardless of whether we have appellate jurisdiction over Deloitte & Touche's application for writ of error.

## II.

■ Acknowledging, however, that the jurisdiction to issue mandamus and adjudicate appeals are separate grants of authority does not end the inquiry. Mandamus is an extraordinary proceeding, encompassing an extraordinary remedy. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). We exercise our mandamus power sparingly and deliberately. For example, we will not exercise this power if an ordinary appeal is adequate irrespective of litigation costs that could be saved by our correcting an erroneous trial court's pretrial decision. *Id.* at 842. Further, we will not exercise this power even if we disagree with the trial court, but the decision is not "a clear abuse of discretion" devoid of any guiding principles of law. *Id.* at 839–40.

---

1. We have received briefs supporting Deloitte & Touche from *amici curiae* Texas Association of Defense Counsel and the Coastal Corporation. Professor William Dorsaneo, III, of the Southern Methodist University School of Law and Professors Charles Silver and Samuel Issacharoff of the University of Texas School of Law have filed *amicus* briefs generally supporting the position of Weatherly and Horwitch.

■ A party seeking mandamus relief must establish the lack of an adequate appellate remedy. *See Walker*, 827 S.W.2d at 840. Deloitte & Touche has a remedy by appeal. First, the Legislature provided Deloitte & Touche an interlocutory appeal of the trial court's class certification ruling. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(3). Second, Deloitte & Touche may appeal the class certification after a trial on the merits.

■ For us, the question is whether an interlocutory appellate remedy concluding in the court of appeals is adequate. Deloitte & Touche's petition for writ of mandamus merely sets forth the same arguments found in its application for writ of error. Essentially, Deloitte & Touche requests this Court to review the legal conclusions of the court of appeals—conclusions that are made final in the court of appeals. *See* TEX. GOV'T CODE § 22.225(b)(3). We have found no case, nor has Deloitte & Touche cited to any, where this Court exercised its mandamus power solely to review the merits of a decision of an intermediate appellate court rendered in the regular course of an appeal.

■ There is no "right" to a second appeal. The very nature of our appellate jurisdiction illustrates this. In general, this court has appellate jurisdiction only over the following cases when they have been brought to the court of appeals: (1) cases in which the justices of the court of appeals disagree; (2) cases in which the court of appeals decision conflicts with another court of appeals or supreme court decision; (3) cases involving the construction or validity of a statute; (4) cases involving state revenue; (5) cases in which the railroad commission is a party; and (6) cases in which the error committed by the court of appeals is of such importance to the jurisprudence of this State to require correction, unless the judgment of the court of appeals is made final by statute. TEX. GOV'T CODE § 22.001(a). Furthermore, a court of appeals' judgment is final and unappealable, absent a dissent or conflict, in several types of cases, including election contests not involving a state officer or the validity of a statute. *See* TEX. GOV'T CODE § 22.225(b)(2). Until recently, slander and divorce cases were conclusive and final in the

courts of appeals. *See* Act of June 12, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1731, *amended by* Act of June 20, 1987, 70th Leg., R.S., ch. 1106, § 2, 1987 Tex. Gen. Laws 3804, *and* Act of June 18, 1993, 73rd Leg., R.S., ch. 855, § 2, 1993 Tex. Gen. Laws 3366 (current version at TEX. GOV'T CODE § 22.225(b)). No one ever argued that there was an inadequate remedy by appeal for divorce and slander cases despite their finality in the courts of appeals.

The finality of Deloitte & Touche's appellate remedy at the court of appeals level alone cannot be the basis for exercising our mandamus power. To grant this mandamus, without more, would call into question all past and present finality rules of the Legislature. Deloitte & Touche must show some extraordinary circumstance making its interlocutory appellate remedy inadequate.

■ It could be argued that the court of appeals' action in directing class certification by itself constitutes an extraordinary circumstance giving rise to a mandamus remedy. We reject such a contention. Although no Texas appellate court has directed class certification, several appellate courts from other jurisdictions have done so, including the Fifth Circuit. *See Forbush v. J.C. Penney Co.*, 994 F.2d 1101 (5th Cir.1993); *see also Boykin v. Georgia–Pacific Corp.*, 706 F.2d 1384 (5th Cir.1983), *cert. denied*, 465 U.S. 1006, 104 S.Ct. 999, 79 L.Ed.2d 231 (1984); *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470 (5th Cir.1982), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983); *Williams v. New Orleans Steamship Ass'n*, 673 F.2d 742 (5th Cir.1982), *cert. denied*, 460 U.S. 1038, 103 S.Ct. 1428, 75 L.Ed.2d 789 (1983); *Cruz v. Hauck*, 627 F.2d 710 (5th Cir.1980); *Summons v. Missouri Pac. R.R.*, 306 Ark. 116, 813 S.W.2d 240 (1991); *Daniels v. Centennial Group, Inc.*, 16 Cal.App.4th 467, 21 Cal.Rptr.2d 1 (1993); *Haywood v. Superior Bank F.S.B.*, 244 Ill.App.3d 326, 185 Ill.Dec. 327, 614 N.E.2d 461 (1993), *appeal denied*, 152 Ill.2d 559, 190 Ill.Dec. 888, 622 N.E.2d 1205 (1993); *Rivera v. United Gas Pipeline Co.*, 613 So.2d 1152 (La.Ct.App. 1993); *Murphy v. Hiniker*, 261 N.W.2d 836 (Minn.1978); *Strawn by Strawn v. Canuso*, 271 N.J.Super. 88, 638 A.2d 141 (App.Div.

1994); *Delgozzo v. Kenny,* 266 N.J.Super. 169, 628 A.2d 1080 (App.Div.1993); *Pruitt v. Rockefeller Center Properties, Inc.,* 167 A.D.2d 14, 574 N.Y.S.2d 672 (N.Y.App.Div. 1991); *Brandon v. Chefetz,* 106 A.D.2d 162, 485 N.Y.S.2d 55 (N.Y.App.Div.1985); *Weinberg v. Hertz Corp.,* 116 A.D.2d 1, 499 N.Y.S.2d 693 (N.Y.App.Div.1986); *Klocke v. A & D Ltd. Partnership,* 90 Ohio App.3d 317, 629 N.E.2d 49 (1993); *Alsea Veneer, Inc. v. State,* 117 Or.App. 42, 843 P.2d 492 (1992), *aff'd in part and rev'd in part,* 318 Or. 33, 862 P.2d 95 (1993). The court of appeals' action is not extraordinary merely because it directed the class to be certified.

We do not preclude the possibility that in an interlocutory appeal context we might issue mandamus against a court of appeals for procedural irregularities or for actions taken by a court of appeals so devoid of any basis in law as to be beyond its power. But in such cases, we would not be reviewing questions of law over which the court of appeals has final authority; instead, we would be reviewing extraordinary circumstances causing irreparable harm and precluding an adequate remedy by appeal. The facts of this case, however, do not constitute the type of extraordinary situation where mandamus should issue.

Deloitte & Touche has not established its right to relief by mandamus, and we choose not to exercise our mandamus power under the circumstances of this case. Accordingly, we deny Deloitte & Touche's petition for writ of mandamus.

SPECTOR, Justice, dissenting.

I respectfully dissent. I disagree that "[t]he issue that confronts us here is whether we *should* exercise mandamus jurisdiction." 951 S.W.2d at 395 (emphasis added). Instead, the issue is whether we *can* take jurisdiction over Deloitte & Touche's petition for writ of mandamus. Because I believe that the Legislature has foreclosed our mandamus jurisdiction over class certification orders, I cannot join in the majority's opinion.

In essence, the majority says, 1) our mandamus jurisdiction is distinct from our appellate jurisdiction; 2) we have mandamus jurisdiction over the courts of appeals; and 3)

section 22.225(b)(3) of the Government Code precludes only our appellate jurisdiction over class certification decisions. This analysis fails to reconcile the inherent conflict between our assumption of jurisdiction in cases such as this and section 22.225(b), which makes the courts of appeals' decisions on class certification orders "conclusive on the law and fact." *See* Tex. Gov't Code § 22.225(b); Tex. Civ. Prac. & Rem.Code § 51.014(3).

I.

Generally, only final decisions of trial courts are appealable. *N.E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966). The Legislature has, however, authorized the appeal of a number of interlocutory orders. *See, e.g.,* Tex. Civ. Prac. & Rem.Code § 51.014 (authorizing interlocutory appeals of orders appointing receivers or trustees; orders overruling motions to vacate orders appointing receivers or trustees; orders certifying or refusing to certify a class; orders granting or refusing temporary injunctions; and orders denying motions for summary judgment based upon claims of immunity or free speech grounds); § 171.017(a)(1) (orders denying applications to compel arbitration); *see generally* Robert J. Hearon, Jr., *Appealable Judgments and Orders* § 3.8, Appellate Procedure in Texas (1979); Keith Dollahite, *Accelerated Civil Appeal in Texas: A Valuable Opportunity for Review,* 56 Tex. Bar J. 752, 752 (September 1993). Unless the particular statute permitting an interlocutory appeal provides otherwise, the judgment of a court of appeals *"is conclusive on the law and facts,* and a writ of error is not allowed" in the absence of a dissent on a question of law in the court of appeals or a conflict between the decision of the court of appeals and that of another court. Tex. Gov't Code § 22.225(b), (c) (emphasis added); *see Hajek v. Bill Mowbray Motors, Inc.,* 647 S.W.2d 253, 254 (Tex.1983).

Under the Texas Constitution, "[t]he Legislature *may* confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus *in such cases as may be specified,* except as against the Governor of the State." Tex. Const. art. V, § 3

(emphasis added). Thus, the Constitution grants the Legislature broad discretion to prescribe and limit our original mandamus jurisdiction. The Legislature has done so in section 22.002 of the Government Code. That provision authorizes this Court to issue writs of mandamus "agreeable to the principles of law regulating those writs" against district courts, statutory county courts, statutory probate courts, courts of appeals, and state government officers. TEX. GOV'T CODE § 22.002(a); *see Pope v. Ferguson,* 445 S.W.2d 950, 953–54 (Tex.1969), *cert. denied,* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970).

Two "principles of law" regulating the writ of mandamus are relevant here. The first is that the relator in a mandamus proceeding must have no adequate remedy by appeal. *See Pope v. Ferguson,* 445 S.W.2d at 953–54. The majority properly concludes that "the finality of Deloitte & Touche's appellate remedy at the court of appeals level alone cannot be the basis for exercising our mandamus power [because to do so] would call into question all past and present finality rules of the Legislature." 951 S.W.2d at 397. But the majority's jurisdictional analysis fails to acknowledge another principle of law regulating the writ of mandamus: an appellate court, including this one, cannot issue the writ unless it concludes that the lower court clearly failed to analyze or apply the law correctly. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). In other words, we cannot grant a writ of mandamus against a court of appeals in an interlocutory class certification appeal without finding that the court incorrectly decided the law. To say, then, that we have jurisdiction in this case (though we decline to exercise it) irreconcilably clashes with the conclusiveness the Legislature has conferred upon the intermediate courts' resolution of questions of law. In the words of one *amicus curiae,* Professor William Dorsaneo III, "the court should just say no to mandamus review in these circumstances."

The cases cited by the majority are not analogous to this one. *Simpson v. Mc-*

*Donald,* for example, is one of a number of instances in which we have issued mandamus to require a court of appeals to perform a mandatory statutory duty to certify a dissent or conflict and thus invoke this Court's appellate jurisdiction.[1] *See, e.g., Simpson v. McDonald,* 142 Tex. 444, 179 S.W.2d 239, 243 (1944) (conditionally granting mandamus to require court of appeals to perform its statutory duty to certify questions of law in case in which a justice of the court of appeals dissented in case appealed from county court); *Meredith v. McClendon,* 130 Tex. 527, 111 S.W.2d 1062, 1066 (1938) (conditionally granting mandamus to require court of appeals to certify a conflict in an appeal on plea of privilege); *Jacobs v. Pleasants,* 114 Tex. 242, 267 S.W. 251, 253 (1924) (granting mandamus to require court of appeals to certify a conflict in case originally filed in justice court).

These cases are not comparable to the case at hand. In each of them, we exercised our mandamus jurisdiction to effectuate the Legislature's intent that we act as the final arbiter of conflicts on questions of law; if we had not granted mandamus relief, appeals that the Legislature meant us to resolve would never have reached us. Here, in contrast, Deloitte & Touche attempts to invoke our mandamus jurisdiction to circumvent the Legislature's mandate that the decisions of the courts of appeals are final and conclusive on appeals from class certification decisions.

The majority also cites *State ex rel. Pettit v. Thurmond,* 516 S.W.2d 119 (Tex.1974). In that case, we granted mandamus to require a trial court to vacate a criminal sentence. *Id.* at 123. What the majority does not acknowledge is that a mandamus proceeding is a civil rather than a criminal action, even if it arises from a criminal case. *Hogan v. Turland,* 428 S.W.2d 316, 316 (Tex.1968); *see also Berume v. Hughes,* 275 S.W. 268, 269 (Tex.Civ.App.—Fort Worth 1925) (orig.proceeding) (holding that court of civil appeals had mandamus jurisdiction in a criminal case); 55 C.J.S.2D *Mandamus* § 2(b). Accordingly, our exer-

---

1. The courts of appeals were formerly required to certify a dissent or a conflict between the court's opinion and that of another court to this Court to resolve the pertinent legal issue. *See*

Act of April 13, 1892, 22d Leg., 1st C.S., ch. 15, 1892 Tex. Gen. Laws 25, 31; Act of May 9, 1899, 26th Leg., R.S., ch. 98, 1899 Tex. Gen. Laws 170.

cise of mandamus jurisdiction in a case stemming from a criminal proceeding does not run afoul of our Constitution's delineation of civil and criminal jurisdiction. *See* TEX. CONST. art. V, § 3; art. V, § 5.

Finally, the majority cites *National Union Fire Ins. v. Ninth Court of Appeals,* 864 S.W.2d 58, 61 (Tex.1993), in which we conditionally granted mandamus to compel the court of appeals to file a statement of facts. In *National Union,* however, we were merely policing the appellate process in a case that would ultimately have reached us by writ of error.

## II.

Apparently recognizing the conflict between our assumption of mandamus jurisdiction of class certification decisions and section 22.225(b), the majority tries to limit the impact of its jurisdictional decision by holding that a party must demonstrate "extraordinary circumstances making its interlocutory appellate remedy inadequate." 951 S.W.2d at 397. In the context of class actions, however, that requirement provides no meaningful boundary. First, it could be argued that the requirement adds nothing to mandamus jurisprudence. Mandamus is, by definition, an extraordinary writ, available only in "very narrow and extraordinary circumstances." *Polaris Investment Mgt. Corp. v. Abascal,* 892 S.W.2d 860, 860 (Tex.1995). Thus, to say that we will exercise jurisdiction over mandamus petitions challenging class certification orders only if extraordinary circumstances are present is merely to say that we will treat this class of cases like any other.

Moreover, we recently described "extraordinary circumstances" that may justify mandamus relief when a trial court erroneously denies a special appearance in a mass tort case. *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex.1996). Those circumstances, including the pressure to settle regardless of the merits of the claims and the strain on judicial resources, are almost certain to be present in most class actions. *See In re Rhone–Poulenc Rorer, Inc.,* 51 F.3d 1293, 1298–1300 (7th Cir.1995); *General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 954 (Tex.1996); Thomas E.

Willging, *et al., An Empirical Analysis of Rule 23 to Address the Rulemaking Challenges,* 71 N.Y.U. L.REV. 74, 97 (1996) (noting one study indicating that judges spend, on the average, eleven times more hours on certified class actions than on typical civil cases). We can therefore surely anticipate that most class certification appellants will assert that an order certifying a class involves "extraordinary circumstances."

Finally, I am troubled by the majority's statement that "[i]t could be argued that the court of appeals' action in directing class certification by itself constitutes an extraordinary circumstance." 951 S.W.2d at 397. This statement implies that it is more significant when a court of appeals certifies a class that has been denied than when a court reverses an order granting class certification. This distinction is foreign to the interlocutory appeal statute. Section 51.014(3) of the Civil Practice and Remedies Code permits the appeal both of orders granting and denying class certification; under the statute, neither type of order is given any higher priority than the other. And from the perspective of the party seeking class certification, an appellate decision reversing an order granting certification may be critical, even fatal to the underlying cause of action. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 470, 98 S.Ct. 2454, 2458–59, 57 L.Ed.2d 351 (1978).

In my view, the majority's amorphous opinion will cause losing parties to file mandamus petitions in virtually every class certification appeal. The majority errs by refusing to draw the bright jurisdictional line this case demands. I would dismiss Deloitte & Touche's petition for lack of jurisdiction.