# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00181-CV

**Janet Kennedy and Alamo Ranch, Inc., Appellants**

**v.**

**Bobby Joe Kennedy, Clayton Crenwelge and Betty Crenwelge, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. GN504102, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2002, appellant Janet Kennedy and appellee Bobby Joe Kennedy were divorced (cause number 03-02-00025-CV). Three years later, Kennedy, on her own behalf and in the name of Alamo Ranch, Inc., sued appellees for conspiracy, fraud, and invasion of privacy, claims she states are not related to the divorce.[1] Appellees filed a motion seeking to have Kennedy declared a vexatious litigant.[2] The trial court granted that motion on March 21, 2006, ordering Kennedy to post a $20,000 bond. Kennedy seeks to appeal from the trial court's interlocutory order.

---

[1] Kennedy styled her suit "Janet Kennedy and Alamo Ranch, Inc. v. Bobby Joe Kennedy, Clayton Crenwelge, and Betty Crenwelge." We will refer to appellants as "Kennedy," to Bobby Joe Kennedy individually as "appellee," and to Bobby Joe Kennedy and the Crenwelges as "appellees."

[2] Kennedy also filed suit against appellee in Hays County, and the Hays County court granted appellee's motion to have Kennedy declared a vexatious litigant. Kennedy filed a notice of appeal and a petition for writ of mandamus, seeking review of the trial court's interlocutory determinations that she was not indigent and was a vexatious litigant, as well as the trial judge's refusal to remove himself from the cause. On May 5, this Court dismissed Kennedy's interlocutory appeal for want of jurisdiction and denied her petition for writ of mandamus. *See Kennedy v. Kennedy*, No. 03-06-00080-CV (Tex. App.—Austin May 5, 2006, no pet. h.).

Generally, we may only exercise jurisdiction over appeals from final orders. *Deloitte & Touche, LLP v. Fourteenth Court of Appeals*, 951 S.W.2d 394, 398 (Tex. 1997); *Bobbitt v. Cantu*, 992 S.W.2d 709, 711 (Tex. App.—Austin 1999, no pet.). However, the legislature has carved out specific exceptions to that rule, giving us statutory authority to consider certain interlocutory appeals. *Deloitte & Touche*, 951 S.W.2d at 398; *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2005). The statute authorizing interlocutory appeals is a narrow exception to the general rule that we may only consider final judgments and orders, and we therefore give it a strict construction. *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 85 (Tex. App.—Austin 2004, pet. denied). A trial court's order finding that a litigant is a vexatious litigant is not properly made the subject of an interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014; *Phillips v. Phillips*, No. 01-03-00676-CV, 2004 Tex. App. LEXIS 11300, *2-*3 (Tex. App.—Houston [1st Dist.] Dec. 16, 2004, no pet.); *Kirk v. Lucas*, No. 02-04-00295-CV, 2004 Tex. App. LEXIS 10145, *1-*2 (Tex. App.—Fort Worth Nov. 12, 2004, no pet.); *Miller v. State*, No. 05-01-00115-CV, 2001 Tex. App. LEXIS 2897, *2 (Tex. App.—Dallas May 3, 2001, no pet.). Therefore, we dismiss the interlocutory appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Dismissed for Want of Jurisdiction

Filed: May 12, 2006

2