# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.03-06-00170-CV

## In the Interest of A. T. H.

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 03-2039-FC1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises out of a proceeding to enforce a child support and visitation order. Appellant Tanisha Jenkins filed her notice of appeal on March 20, 2006, stating that she wished to appeal from the trial court's February 24 "reversal of her own finding of contempt" by appellee Gregory Harrington. However, having reviewed the record, it appears that the trial court did not enter an appealable order or judgment on February 24.

The trial court signed its original order in a suit affecting the parent-child relationship ("SAPCR") on December 12, 2005. On December 13, appellant filed a petition to modify the order, and on December 22, appellee filed a response to appellant's motion to modify, his own motion to modify, and a motion for enforcement of the court's original order. A hearing was held on January 3, during which the trial court orally ruled that appellee had violated a court order and was thus in contempt of court. The court awarded $2,500 to appellant for attorney's fees and asked appellant's attorney to prepare an order to that effect. On January 5, appellee filed a motion asking the trial court to reconsider the contempt ruling made at the hearing. On January 19, the trial court sent the

parties a letter asking them to submit briefs related to appellee's arguments raised in his motion to reconsider. On February 24, the trial court sent a second letter, stating that it had decided to set aside its finding of contempt. The trial court also stated that "[p]rior to a final hearing on any Motions to Modify Parent Child Relationship, the parties and attorneys must mediate the case and certify in writing that the case has been mediated," and enclosed a signed order referring the case to mediation.

The trial court has not signed an order or judgment since rendering its SAPCR order on December 12, 2005. It does not appear that the court signed a written contempt order following the January 3 hearing, and the court's February 24 letter informing the parties that it had reconsidered its contempt finding is not an order from which an appeal may be taken. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2005) (listing interlocutory orders from which appeal may be taken); *Deloitte & Touche, LLP v. Fourteenth Court of Appeals*, 951 S.W.2d 394, 398 (Tex. 1997) (appellate courts generally may only consider appeals from final orders or judgments); *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 85 (Tex. App.—Austin 2004, pet. denied) (appellate courts strictly construe statute authorizing interlocutory appeals). An appeal of the trial court's rulings must await a final order on the motions to modify that remain pending before the court. We therefore dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Dismissed for Want of Jurisdiction

Filed: June 9, 2006