In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-25-00421-CV**

**IN RE DEBRA SMITH AND DIANE KIANVAR**

_____

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 22-03-02870**

_____

**MEMORANDUM OPINION**

Debra Smith and Diane Kianvar filed a petition for a writ of mandamus and a motion for temporary relief. Relators are plaintiffs in Trial Cause Number 22-03-02870, *Debra Smith and Diane Kianvar v. Russell J. Fryman, Trustee of the Virginia Fryman Trust.* Relators seek a writ compelling the trial court to (1) vacate rulings permitting Carol Montalbo Fryman to direct counsel and appear for Russell J. Fryman under a purported power of attorney, (2) vacate the trial court's October 1 Order on Motion to Show Authority and Motions to Strike Experts and

Disclosures and the trial court's October 17 Order on Motion for Clarification, and (3) restore Relators' ability to present fiduciary accountings, discovery materials, expert testimony, and other evidence previously ordered produced through a court-appointed fiduciary.[1] *See* Tex. Gov't Code Ann. § 22.221. Relators filed an Emergency Motion for Stay requesting this Court to (1) stay enforcement of the October 1 order, (2) stay enforcement of the October 17 order, and (3) stay all further proceedings in the trial court pending disposition of the mandamus petition.

On October 31, this Court received a suggestion of death for Real Party in Interest Russell Fryman. On November 1, Relators filed a Supplemental Emergency Motion for Stay, asserting the court-appointed temporary trustee had filed a notice in the trial court informing the parties the Virginia Fryman Trust terminated upon the death of Russell Fryman and that the temporary trustee intends to distribute assets to distributees pursuant to the terms of the trust. Without requesting any relief in the trial court, Relators requested this Court to (1) stay dissolution or termination of the trust, (2) stay distribution of trust assets, (3) order all trust assets to remain frozen pending further order of this Court, and (4) grant any other temporary relief necessary to preserve this Court's jurisdiction and prevent irreparable harm.

On November 3, we requested information regarding the status of proceedings in the trial court, and on November 4, we were informed no representative of the

---

[1] All dates are in 2025.

Estate of Russell Fryman has appeared and no new parties have been joined. We were also informed Relators did not seek from the trial court any of the relief requested in their Emergency Motion for Stay or their Supplemental Emergency Motion for Stay.[2] Lastly, we were informed that the case has been removed from the November 10 trial docket.

"Mandamus is an extraordinary proceeding, encompassing an extraordinary remedy." *Deloitte & Touche LLP v. Fourteenth Ct. of Appeals*, 951 S.W.2d 394, 396 (Tex. 1997) (orig. proceeding). Accordingly, we are to "exercise our mandamus power sparingly and deliberately." *Id*. Mandamus will issue only when an ordinary appeal would not adequately remedy a trial court's clear abuse of discretion or failure to carry out a duty imposed by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "The operative word, 'adequate,' has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). As explained

---

[2]We note that on September 25, Relators filed a Motion for Continuance and Leave to Supplement which included a request not only that the trial be continued but that the parties be given time to conduct additional discovery. Although the motion could be construed as requesting some of the same relief requested in this Court, we do not regard it as such since the record does not show the motion was ever set for hearing or submission, nor that the trial court ever ruled on the motion.

below, these jurisprudential considerations weigh against exercising our mandamus authority in this case.

*Discovery "Sanctions"*[3]

In its October 1 order, the trial court granted Russell's motion to strike Relators' initial disclosures that were served on September 5, which was 93 days after the June 2 discovery deadline and only 66 days before the November 10 trial setting. In its October 17 order, the trial court clarified that its October 1 order resulted in the exclusion of certain evidence Relators seemingly intended to introduce at trial. Because the record establishes Relators' initial disclosures were served after the discovery deadline, Relators bore the burden to establish an exception to Rule 193.6 which otherwise would result in the automatic exclusion of any undisclosed legal theories, witnesses, economic damages and documents which Rule 194.2(b) requires a party to disclose. *See* Tex. R. Civ. P. 193.6, 194.2(b). Implicit in the two orders excluding Relators' evidence is a determination by the trial

---

[3]Relators claim the trial court's orders constitute "death penalty sanctions." This Court has previously held, "Because Rule 193.6's penalty—excluding undisclosed evidence—is automatic and requires the party who failed to answer discovery to establish either good cause or lack of prejudice, appellate courts do not consider decisions imposing the automatic penalty called for by Rule 193.6 as death-penalty sanctions. Consequently, a court's decision imposing the automatic penalty specified by Rule 193.6 is not reviewable under the lesser-sanctions standard identified in *TransAmerican*." *In re Barsh Auto, LLC*, No. 09-21-00085-CV, 2021 Tex. App. LEXIS 4148, at *3 (Tex. App.—Beaumont May 27, 2021, orig. proceeding) (mem. op) (citing *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917-18 (Tex. 1991) (orig. proceeding)).

4

court that Relators did not meet their burden to establish either: (1) that they had good cause for their failure to serve disclosures before the discovery deadline, or (2) that their untimely disclosures would not unfairly surprise or prejudice the other parties. *See id.* 193.6(a). Carol's supplemental motion to strike claimed there was not enough time to prepare a proper defense before the November trial setting after having been informed for the first time on September 5 that, among other things, Relators had a method of calculating economic damages and that such damages totaled between $7 million and $9.8 million. *See id.* 193.6(b). The record contains a rough draft of the transcript of a September 26 hearing during which Relators— when asked—offered no explanation showing good cause for failing to serve disclosures before the deadline. We are informed a transcript of the final hearing on September 30 has been ordered but not yet received, so it is unknown what evidence, if any, Relators offered in an attempt to negate unfair surprise and prejudice, but we infer from the trial court's orders that it was unpersuaded that an exception to the automatic-exclusion rule applies.

On October 31, three days after Relators filed their mandamus petition seeking relief from the trial court's two orders, and only ten days before the November 10 trial setting, Russell—the trust's 60% beneficiary and former trustee who Relators sued claiming he violated his fiduciary duties—died. As a result, an heir or representative of Russell's estate may need to appear and defend the case on

its behalf. *See id.* 152. The trust contains provisions that may have been triggered by Russell's death, including a provision terminating the trust and instructions for distributing the trust estate to the surviving distributees which—now that Russell has died—may include his two children. The court-appointed temporary trustee has notified this Court that he considers Russell's children to be necessary parties. They may want to intervene, or other parties may want to implead them. *See id.* 37-41. We express no opinion on these matters but simply note that Russell's death has created new issues the trial court will likely need to address before trial. To do so will take time, and if new parties are to be added, additional time may be needed to allow discovery to be conducted by, or directed toward, any such parties.

We recognize both the passage of time and the potential for additional discovery may affect the trial court's determination—implied in its two orders—that Real Parties in Interest were unfairly surprised or prejudiced by Relators' untimely disclosure of legal theories, calculations, economic damages, witnesses and documents on September 5. *See id.* 193.6. Without deciding the merits of the arguments in Relators' petition, we are concerned mandamus relief at this stage of the proceedings may unnecessarily interfere with the trial court's ability and potential responsibility to decide whether to modify an existing discovery control plan based on "new information [] disclosed in a discovery response" or "matters that have changed materially after the discovery cutoff." *See id*. 190.5(a), (b).

6

Because proceedings in the trial court require additional time to develop, we conclude any benefits of mandamus are outweighed by the detriments. We deny Relators' petition to the extent it seeks mandamus relief from rulings in the trial court's October 1 and 17 orders that are based on Relators' untimely disclosures.

*Motion to Show Authority*

Relators also argue the trial court abused its discretion when it denied their motion challenging the authority of the law firm which was engaged to represent Russell after the court determined he was incapacitated and removed him from serving as trustee. *See id*. 12. According to Relators, the law firm was retained and directed by Carol, who claimed authority to handle litigation on Russell's behalf pursuant to a durable power of attorney, despite the absence of a physician's written certification of Russell's incapacitation. Russell's death terminated Carol's ability, if any, to act on Russell's behalf. *See* Tex. Est. Code Ann. § 751.131 ("A durable power of attorney terminates when: (1) the principal dies[.]"). Nevertheless, we conclude the issue before us is not moot because Relators claim the trial court's October 1 and October 17 orders are void since they flowed from motions filed by a law firm Relators claim had no authority to act on Russell's behalf. We disagree.

"While Rule 12 requires the trial court to dismiss counsel who fails to show authority to prosecute or defend the proceeding, pleadings filed by any such counsel are not nullified and may only be stricken 'if no person who is authorized to

7

prosecute or defend appears.'" *Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 846 (Tex. 2021) (quoting Tex. R. Civ. P. 12). Because the motions in question would not be nullified even if Carol lacked authority to retain and direct the law firm that filed the motions on Russell's behalf, we deny Relators' petition to the extent that it seeks mandamus relief based on the trial court's denial of their motion to show authority.

We deny the petition for a writ of mandamus and the motion and supplemental motion for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10.

PETITION DENIED.

PER CURIAM

Submitted on November 19, 2025
Opinion Delivered November 20, 2025

Before Golemon, C.J., Wright and Chambers, JJ.

8